**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

ROY EILTS,

Plaintiff,

v.                                                    Case No. 2:21-cv-02066-CSB-EIL

MENARD, INC.,

Defendant.

## DEFENDANT, MENARD, INC.'S MOTIONS IN LIMINE

Defendant, MENARD, INC., by and through their undersigned counsel, prior to the selection of the jury in this case, respectfully moves this Honorable Court in limine to enter an order directing Plaintiff, ROY EILTS, through Plaintiff's attorney, Kevin W. O'Connor, and any witnesses called by Plaintiff to refrain from making any direct or indirect mention whatsoever at the trial, before the jury, of the matter hereinafter set forth without first obtaining permission from this Court outside the presence and hearing of the jury regarding any of the following matters:

1.      **Insurance.**  Barring any party and her/its witnesses from eliciting any evidence, comment or statement concerning the existence of insurance or insurance coverage applicable to any party to this action including but not limited to liability, workers' compensation, and medical insurance.  In the event that a party was contacted by any person purporting to be an insurance adjuster, insurance investigator, workers' compensation adjuster, workers' compensation case manager or similar term, that such person be referred to as an investigator.  Evidence which informs the jury that a defendant in a personal injury action is insured against liability is inadmissible on the grounds of relevancy.  Either expressly referring to liability insurance or workers' compensation insurance at trial or implying the existence of such insurance constitutes reversible error.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

1

2.      **Jurors' Connection with Insurance Industry**. Inquiring of potential jurors as to their present or past employment or connection with the insurance industry, or present or past connection of any family member with the insurance industry, except that:

      A.      If a potential juror's juror information card discloses employment in the insurance industry, such potential juror may be questioned concerning same.

      B.      Inquiry may be made of potential jurors concerning their experience (or that of members of their family), if any, reviewing, adjusting or allowing/disallowing claims, as long as no express reference is made to "insurance."

      ___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

3.      **Settlement Negotiations.**  Any negotiations, offers or demands with respect to any attempted settlement

      ___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

4.      **Discovery Disputes.**  Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the court's rulings thereon.

      ___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

5.      **Prior Suits or Claims.**  That any party has been a party to any prior lawsuit, or has asserted any prior claim, or that any prior claim has been asserted against a party; provided that this clause does not prohibit inquiry about a prior injury that may have been the subject of a claim, as distinguished from the claim, suit or settlement with reference thereto, if the nature of injuries claimed in the present suit make the same relevant.

      ___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

6.      **Testimony of Absent Witnesses.**  Any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom the party

suggesting such testimony does not, in good faith, expect to testify in the trial. If the party is expected to testify by deposition, this provision does not apply to testimony contained in the deposition expected to be offered.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

7.      **Failure to Call Witness.**  Any reference to the failure of an opposing party to call any witness.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

8.      **Hearsay Medical Opinions.** Any hearsay statement offered for the truth of the statement by an allegedly injured person concerning any diagnosis or medical opinions communicated to such person by a physician or other health care provider. Such would be an attempt to introduce before the jury expert testimony without a proper predicate concerning the expert's qualifications and abilities to give such testimony.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

9.      **Photographs and Visual Aids.** That should parties wish to introduce any photographs, motion picture videotapes, computer images or slides **into evidence** that the same be tendered to the court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine their relevance and suitability for introduction into evidence prior to and before informing the jury as to existence or its tender into evidence by any opposing party.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

10.      **Requests for Stipulations.** Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

11.      **Requests for Files.** Any request or demand in the presence of the jury that opposing counsel produce any document or thing, or that opposing counselor any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase (except that a party

3

may demand to see a document used by a witness on the stand to refresh his or her recollection, or that a witness testifies that he or she has used previously to refresh his or her recollection).

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

12.     **Hardship or Privation.** Any argument or suggestion that a failure to award damages will cause a Plaintiff's privation or financial hardship.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

13.     **Golden Rule.** Any reference to the suggestion or offering any evidence, testimony, argument, reference, comment, or innuendo from directly or indirectly asking the jurors to put themselves in the position of Plaintiff, to imagine what it would be like to experience Plaintiff's alleged injuries, or making comments to that effect.  Such evidence is irrelevant to any issue in this case and introduction of this evidence would be unduly prejudicial to the Defendant.  A "golden rule" appeal asks a jury to put itself in the position of a party and "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."  *U.S. v. Roman*, 492 F. 3d 803, 805-06 (7th Cir. 2007) (citing *U.S. v. Teslim*, 869 F.2d 316, 327-28 (7th Cir. 1989).

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

14.     **Counsel's Opinion of Credibility.** Any expression of counsel's personal opinion regarding the credibility of any witness.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

15.     **Evidence Not Produced in Discovery Response to a Proper Request.** Calling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to a proper discovery request. If a party has a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, such party shall first approach the bench and secure a ruling thereon. Counsel are advised that to the extent

possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial.

_____ GRANTED _____ DENIED _____ AGREED _____ WITHDRAWN

16.     **Objections to Evidence Not Produced in Discovery.** Any objection based on failure to disclose evidence in pretrial discovery. Any party desiring to urge any such objection must request to approach the bench and urge such objection outside the hearing of the jury. To the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial, although the objection may be urged for the record outside the hearing of the jury at the time such evidence is offered in the event the court has overruled the objection at pretrial.

_____ GRANTED _____ DENIED _____ AGREED _____ WITHDRAWN

17.     **Experts not Designated.** Calling any expert to testify at trial, other than the experts expressly identified in Plaintiff's Fed. R. Civ. P.  26(a) disclosures.

_____ GRANTED _____ DENIED _____ AGREED _____ WITHDRAWN

18.     **Qualifying Expert Witness.** Calling any witness to testify as an expert without having first been qualified as an expert for those matters which were disclosed in Plaintiff's Fed. R. Civ. P. 26(a) disclosures. In addition, prior to the expert stating any opinion the expert witness must be required to disclose the underlying facts or data which forms the "expert" opinion.

_____ GRANTED _____ DENIED _____ AGREED _____ WITHDRAWN

19.     **Existence of Motion in Limine.** Any reference to this Motion in Limine being filed or that all or any portion of the relief requested herein has been granted or denied.

_____ GRANTED _____ DENIED _____ AGREED _____ WITHDRAWN

20.     **Privileged Information.** Any inquiry or discussion regarding matters protected by the work product doctrine and the party communications privilege. Specifically, examination regarding the preparation and review of documents or information generated or accumulated after anticipation of litigation.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

21.      **Undisclosed Witnesses, Testimony, Opinions and/or Evidence.**  To bar parties from presenting any witnesses, testimony, opinions and/or evidence which were not previously disclosed.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

22.      **Exclude Witnesses.**  To exclude all individuals who will or may testify at trial of this cause (except named parties) from the courtroom while the trial is in session until such witnesses have fully completed their testimony.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

23.      **Medical Bills.**  Evidence of medical bills for which there is no evidence of payment and no expert testimony as to the usual and customary charges.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

24.      **Certain Amount of Money.**  Barring Plaintiff's counsel from asking potential jurors during voir dire if they are able to return a verdict for a certain amount of money.  Such a tactic attempts to indoctrinate the jury or elicit a pledge from them to the prejudice of Defendant.  The purpose of voir dire is to secure an impartial jury.  While counsel may inquire to determine prejudice, he cannot indoctrinate or persuade the jurors.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

25.      **Wealth.**  The relative wealth of the litigants or the corporate nature or size of the litigants, is inadmissible as it is irrelevant in this tort case.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

26.      **Future Medical Treatment.**  That the Plaintiff, his attorneys, and any other lay or opinion witnesses called by the Plaintiff be barred from mentioning, referring to, testifying, or arguing that the Plaintiff will require specific future medical treatment for injuries in the absence of expert and opinion witness medical testimony to support such a theory, as such testimony without expert or opinion witness medical testimony is too speculative.

6

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

27.    **Prognosis.**  Plaintiff's counsel should be precluded from mentioning or presenting

testimony through the Plaintiff, or any witness, other than a qualified medical professional, any

evidence regarding prognosis, diagnosis or medical conclusions regarding the injury or condition

of the Plaintiff including disability or inability to engage in substantial gainful employment.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

28.    **Inability to Pay Medical Bills.**  Any reference to Plaintiff's ability to pay medical

bills, as evidence of Plaintiff's economic or financial standing or ability to pay for the losses and

expenses allegedly incurred by the Plaintiff is not relevant to any issue in this case and the

prejudicial effect far outweighs any probative value.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

29.    **Affixing an Amount Per Day for Pain and Suffering.**  Any reference that in

considering the issue of pain and suffering, the jury should affix an amount per day or per any

other unit of time for the reason that such evidence is irrelevant to any issue in this lawsuit and

introduction of this evidence would be unduly prejudicial to the Defendant.  Plaintiff should not be

permitted to argue to the jury that damages should be computed by the jury by considering an

amount per day or an amount calculated pursuant to any other unit of time, inasmuch to the

probative value of such a formulation is outweighed by its prejudicial effect.  *Waldron v. Hardwick*,

406 F.2d 86, 89 (7th Cir. 1969) (concluding "that an inflexible rule treating per diem argument as

reversible error is not advisable," adding that "the question should be left largely to the discretion

of the trial judge as are other matters dealing with the style and content of argument").  *Baron*

*Tube Co. v. Transp. Ins. Co.*, 365 F.2d 858, 861, 864-65 (5th Cir. 1966 ) (en banc) (holding that

counsel can argue "for damages for pain and suffering on a so-called 'unit of time' formula,"

provided there are safeguards in place, e.g., cautionary instructions, though "whether to allow

such an argument and the protective features to be employed are matters vested, in the end, in

the sound discretion of the trial court"); *Pa R.R. Co. v. McKinley*, 288 F.2d 262, 266 (6th Cir. 1961).

Defendant seeks an order from the Court, should Plaintiff decide he is going to use this argument, setting forth the style and content of such argument so as not to be unduly prejudicial to the Defendant.

30.     **Time Spent to Bring the Case to Trial.**  The amount of time which has elapsed since the Plaintiff's complaint was originally filed and the case at bar is irrelevant to the issues to be decided by the jury.  Plaintiff should not be allowed to comment upon or ask the jury to draw any adverse inference from the length of time that has expired since their complaint was originally filed.  Not only is the evidence completely irrelevant, it would be prejudicial and introduce error into the trial.

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

31.     **Limit Expert Testimony to Disclosed Opinions.**  Limit Dr. Michael Corcoran, M.D.'s testimony to opinions contained in Plaintiff's Rule 26(a)(2)(C) disclosures and Dr. Corcoran's deposition testimony.  Fed. R. Civ. P. 26(a) requires disclosure of expert witnesses. The rule provides, "these disclosures shall be made at the times and in the sequence directed by the court."  Fed. R. Civ. P. 26(a)(2)(c).  Failure to comply with Rule 26 precludes a party from using at trial expert testimony that was not timely or fully disclosed.  Fed. R. Civ. P. 37(c)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003).

___ GRANTED ___ DENIED ___ AGREED ___ WITHDRAWN

DATED: May 3, 2024                     Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

8