UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROY EILTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021-CV-2066 |
| | ) | |
| MENARD, Inc. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO**
**DEFENDANT'S MOTION TO STRIKE**

Plaintiff responds to Defendant's Motion to Strike as follows:

**ARGUMENT**

Defendant's Motion to Strike argues that the Plaintiff's Motion to Bar Dr. Bresch as an expert at trial is untimely and must therefore be stricken and not considered by the Court. (Docket Entry 46.) There are three main reasons why the Motion to Strike should be denied and the Court should consider Plaintiff's Motion to Bar.

First, the Plaintiff's short delay in the filing of the Motion to Bar was primarily the fault of Defendant. By way of background, the majority of Plaintiff's medical care, as well as his surgery, occurred through the medical practice at Oak Orthopedics. Unbeknownst to Plaintiff's counsel, Oak Orthopedics was purchased on March 2, 2020, by Illinois Bone & Joint Institute ("IBJI"), before Plaintiff's last appointment with Oak Orthopedics that occurred on May 27, 2020. Even though Dr. Bresch is a physician who practices at IBJI, he did not disclose in his November 1, 2023, expert report that Oak Orthopedics was purchased several years before Dr. Bresch rendered his opinions. It is thus patent that Dr. Bresch did not perform a conflict check when he was retained as an expert, and thus failed to recognize that he breached his fiduciary duties to Plaintiff by

rendering adverse opinions against Plaintiff. Such conflict checks are common for attorneys, judges, and doctors, but Dr. Bresch apparently did not conduct one.

Defendant was required to disclose the Oak Orthopedics acquisition given that it posed a conflict for the doctor that implicated his fiduciary and medical confidentiality duties under HIPAA that Dr. Bresch owes to Plaintiff. As Defendant failed to disclose this acquisition, it fell upon Plaintiff's counsel to discover this fact while preparing for trial. Once Plaintiff's counsel discovered the issue, they filed the Motion to Bar the next day.

Second, no prejudice will result to Defendant if the Court considers the Motion to Bar. It was filed on May 17, 2024, 17 days before the June 3, 2024, final pretrial conference. This provided more than enough time for Defendant to address Plaintiff's arguments that were presented in Plaintiff's brief motion.

Third, even if for the sake of argument the Court deems the Motion to Bar as untimely, the Court should still consider the Motion because it raises serious ethical issues involving a physician's fiduciary duties. Even if such evidence were elicited for the first time during trial, the Court would be in a position where it should address the same arguments posed in the Motion to Bar given their serious ethical implications.

## CONCLUSION

For the foregoing reasons, Plaintiff urges the Court to deny Defendant's Motion to Strike and consider Plaintiff's Motion to Bar.

        Respectfully Submitted,

        O'CONNOR LAW FIRM, LTD.


        <u>/s/ Jeffrey D. Naffziger</u>

Jeffrey D. Naffziger
O'CONNOR LAW FIRM, LTD.
100 South Wacker Drive, Suite 350
Chicago, Illinois 60606
P: (312) 906-7609
F: (312) 263-1913
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com
Atty. No.: 6275581

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROY EILTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021-CV-2066 |
| | ) | |
| MENARD, Inc. | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

To:  Tony Andrews
Joseph Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

I, under penalty of perjury, hereby certify that on **May 24, 2024**, I served a true and correct copy of the following documents to be served by electronic mail, addressed to the aforementioned attorneys:

- Plaintiff's Memorandum in response to Defendant's Motion to Strike.

Respectfully Submitted,

O'CONNOR LAW FIRM, LTD.

*/s/ Jeffrey D. Naffziger*
Jeffrey D. Naffziger

O'CONNOR LAW FIRM, LTD.
Atty. No.: 6275581
100 South Wacker Drive, Suite 350
Chicago, Illinois 60606
P: (312) 906-7609 | F: (312) 263-1913
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com