UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROY EILTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021-CV-2066 |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO RECORD AND PRESENT VIDEO DEPOSITION OF DR. MICHAEL CORCORAN**

Plaintiff, pursuant to Rule 32(a)(4)(E) of the Federal Rules of Civil Procedure, moves that the Court grant Plaintiff leave to take the video deposition of Dr. Michael Corcoran for use at trial. In support thereof, Plaintiff states as follows:

1. In this case, the Plaintiff slipped and fell at a Menards store, sustaining a left shoulder injury and other personal injuries. Dr. Michael Corcoran was the treating physician for Plaintiff who provided a left shoulder surgery.

2. Dr. Corcoran sat for a prior deposition.

3. In anticipation of trial, Plaintiff served Dr. Corcoran with a subpoena for trial on May 7, 2024.

4. Dr. Corcoran is represented by counsel, Mr. Troy Lundquist.

5. After the Court advised all counsel at the June 3, 2024, pretrial hearing that the Court would allow trial testimony via Zoom, undersigned counsel informed Mr. Lundquist that same day via email that Dr. Corcoran could testify live via Zoom.

6. On the late evening of June 10, 2024, Mr. Lundquist sent an email to Defendant's counsel memorializing Defendant's agreement to proceed with an "evidence deposition" instead

of Dr. Corcoran testifying live at trial. Mr. Lundquist justified his request for a video deposition on the basis that it would affect "dozens" of Dr. Corcoran's patients who urgently need care if Dr. Corcoran was required to testify live at trial. (Lundquist email attached as Ex. 1.)

7. That same day, undersigned counsel sent an email to Defendant's counsel requesting they confirm their agreement in writing to conduct Dr. Corcoran's video deposition for use at trial. When Defendant did not reply, on June 11, 2024, undersigned counsel sent a follow-up email requesting confirmation. Undersigned counsel spoke with Defendant's counsel at around 4:00 p.m. on June 11, 2024. As discussed in the attached email exchange, Defendant's counsel did not appear to commit to proceed with the Dr. Corcoran video deposition for use at trial. (See aforementioned emails, attached as Ex. 2.)

8. As Plaintiff has no formal agreement from Defendant agreeing to a video deposition of Dr. Corcoran, Plaintiff was forced to file the instant Motion.

9. Under Rule 32(a)(4)(E), the Court is empowered to allow a deposition to be taken and used as evidence at trial in the following relevant circumstance:

> (4) Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> * * * * *
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 23(a)(4)(E).

10. There is just such an "exceptional circumstance[]" that justifies the use of a video deposition for Dr. Corcoran's trial testimony in the interest of justice: the hardship that would be faced by Dr. Corcoran's patients if he is compelled to appear live for trial. While live testimony

is always superior to a video deposition, based on Dr. Corcoran's counsel's representations, the interests of justice support the use of a video deposition for trial.

      WHEREFORE, Plaintiff respectfully moves that the Court enter an order finding that the taking and use of a video deposition of Dr. Michael Corcoran is justified by the interests of justice and by the exceptional circumstances set forth herein, and further, granting leave for Plaintiff to take the video deposition of Dr. Michael Corcoran and to present the video deposition as evidence at trial.

      Respectfully Submitted,

      O'CONNOR LAW FIRM, LTD.

      /s/ Jeffrey D. Naffziger

Jeffrey D. Naffziger
O'CONNOR LAW FIRM, LTD.
100 South Wacker Drive, Suite 350
Chicago, Illinois 60606
P: (312) 906-7609
F: (312) 263-1913
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com
Atty. No.: 6275581

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROY EILTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2021-CV-2066 |
| | ) |
| MENARD, Inc., | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I certify that on **06/12/2024**, I electronically filed the foregoing with the Clerk of the Court using CMECF System which will send notification of such filing to the following:

John E. Motoylinski, Joseph S. Davidson, W. Anthony Andrews, Brianna H. Long, and Kevin W. O'Connor,

And I certify that I have mailed by the United States Postal Service/and or electronically mailed the document to the following non CMECF participants:

Troy Lundquist, Tlundquist@lglfirm.com                                   .

/s/ Jeffrey D. Naffziger
*Attorney's Signature*

Jeffrey D. Naffziger – 6275581
*Printed Name and bar number*

O'CONNOR LAW FIRM, LTD.
100 South Wacker Drive, Suite 350
Chicago, Illinois 60606
*Address*

jnaffziger@koconnorlaw.com
*E-mail Address*

(312) 906-7609 | (312) 263-1913
Telephone/Fax number