### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| ROY EILTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021-CV-2066 |
| | ) | |
| MENARD, Inc. | ) | |
| Defendant. | ) | |

### <u>FINAL PRE-TRIAL ORDER</u>

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and Jeffrey D. Naffziger and Brianna Long having appeared as counsel for the plaintiff, and W. Anthony Andrews and Joseph S. Davidson having appeared as counsel for the defendant, the following action was taken:

### <u>I. NATURE OF ACTION AND JURISDICTION</u>

This is an action for money damages and the jurisdiction of the Court is invoked under 28 U.S.C. § 1332. The jurisdiction of the Court is not disputed.

### <u>II. JOINT STATEMENT</u>

**A. JURISDICTION AND STATEMENT OF THE CASE**

The citizenship of the parties is diverse, the defendant is not a citizen of Illinois, and Plaintiff's alleged damages exceed $75,000. There is therefore subject matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff Roy Eilts alleges that on June 2, 2019, he was a customer at Defendant's Menards store located at 1260 Christine Drive, Bradley, Illinois. He alleges that he slipped and fell on detergent or some other slippery substance that was on the floor near a checkout lane at the Menards store. Plaintiff alleges that Defendant negligently failed to clean up the

Type text here

detergent or slippery substance and failed to warn of the presence of the detergent or slippery substance, and this caused him to fall and suffer personal injuries.  Plaintiff alleges that he required medical treatment as a result of his fall, including surgery, incurred lost wages, experienced past pain and suffering, past loss of normal life, and will experience future pain and suffering and loss of normal life.  Defendant denies it was negligent on the basis that it believes it did not cause, nor was it aware of, the slippery substance and denies Plaintiff sustained injuries to the extent claimed.

**B. UNCONTESTED ISSUES OF FACT**

1.  On June 2, 2019, Defendant owned and possessed the Menards store located at 1260 Christine Drive, Bradley, Illinois.  Defendant therefore owed a duty of care to Plaintiff under Section 343 of the Restatement (Second) of Torts as adopted by Illinois courts.

2.  On June 2, 2019, Plaintiff was an invitee at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

3.  On June 2, 2019, Plaintiff fell in a checkout lane at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

4.  The condition of the floor where Plaintiff fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois was unsafe.

5.  Plaintiff sustained an injury and some pain when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

6.  Maria Montemurno, Daniel Douglas, Ann Maisonneuve, Carson Harris, and Ron Potter were the agents of the defendant Menard, Inc. at the time of this occurrence. Therefore, any act or omission of the agent or agents at that time was in law the act or omission of the defendant Menard, Inc.

2

**C.  CONTESTED ISSUES OF FACT**

1. The nature and extent of the personal injuries Plaintiff sustained when he slipped and fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

2. Whether the medical care Plaintiff received from the date of his fall through the present was reasonable and necessary to treat personal injuries he sustained when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

3. Whether the need for left shoulder surgery and subsequent physical therapy was caused by Plaintiff's fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

4. Whether the unpaid medical bills Plaintiff incurred for his care and treatment were usual and customary for the geographic region where the care was provided, and thus fair and reasonable charges for this medical care.

5. Whether some medical bills were already paid and thus *prima facie* fair and reasonable.

6. Whether Plaintiff sustained lost wages because of his fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

7. The extent of the pain and suffering Plaintiff sustained because of his fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

8. Whether Plaintiff sustained past loss of normal life because of his fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

9. Whether Plaintiff is reasonably certain to experience pain and suffering in the future because of injuries sustained when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

10. Whether Plaintiff is reasonably certain to experience loss of normal life in the future because of injuries sustained when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

## D.  CONTESTED ISSUES OF LAW

1.  Whether Plaintiff must show that the defendant had notice of the slippery condition of the floor given that the substance placed on the floor was related to Defendant's business and was placed on the floor due to Defendant's negligence in selling leaky containers to customers.  Plaintiff's position is that he does not need to demonstrate notice because Defendant created and allowed the dangerous condition of the floor. *Reed v. Wal-Mart Stores*, 298 Ill. App. 3d 712, 715-16 (4th Dist. 1998).

2.  Defendant agrees with the principle that the plaintiff need not establish notice to defendant of the hazard where plaintiff establishes that the defendant created the hazard itself.  Here, however, Defendant contends there is no evidence that the defendant created the subject hazard so plaintiff must prove the defendant was aware of the hazard created by another.

## E.  JURY DEMAND

Plaintiff did not demand trial by jury.  Defendant demanded trial by jury.

### III. PLAINTIFF'S STATEMENT

## A.  ITEMIZED STATEMENT OF DAMAGES

### 1.  Medical Expenses

#### a.  Past Medical Expenses

| PROVIDER | DATES OF SERVICE | CHARGES |
|---|---|---|
| **AMITA Health** | 06/10/2019 | $886.00 |

4

| | | |
|---|---|---|
| **St. Mary's Hospital** | | |
| 500 West Court Street | | |
| Kankakee, Illinois 60901 | **Total** | **$886.00** |
| **STAT Anesthesia Specialists, LTD** | 11/01/2019 | $2,936.00 |
| **c/o Anesthesia Management Partners** | | |
| 18221 Torrence Avenue, Suite 1B | | |
| Lansing, Illinois 60438 | **Total** | **$2,936.00** |
| **Oak Surgical Institute, LLC** | 11/01/2019 | $35,307.00 |
| 403 South Kennedy Drive | | |
| Bradley, Illinois 60915 | **Total** | **$35,307.00** |
| **Internal Medicine Specialist of Kankakee** | 06/24/2019 | $105.00 |
| 555 West Court Street, Suite 400 | 07/02/2019 | $105.00 |
| Kankakee, Illinois 60901 | 10/25/2019 | $105.00 |
| | 10/20/2020 | $155.00 |
| | | |
| | **Total** | **$470.00** |
| **Bradley Chiropractic Office** | 06/04/2019 | $760.00 |
| 956 West Broadway | 06/05/2019 | $385.00 |
| Bradley, Illinois 60915 | 06/06/2019 | $385.00 |
| | 06/07/2019 | $385.00 |
| | 06/10/2019 | $385.00 |
| | 06/11/2019 | $385.00 |
| | 06/12/2019 | $385.00 |
| | 06/14/2019 | $385.00 |
| | 06/17/2019 | $385.00 |
| | 06/18/2019 | $385.00 |
| | 06/19/2019 | $385.00 |
| | 06/21/2019 | $385.00 |

| | 06/24/2019 | $385.00 |
| | 06/25/2019 | $385.00 |
| | 06/28/2019 | $385.00 |
| | 07/01/2019 | $385.00 |
| | 07/03/2019 | $385.00 |
| | **Total** | **$6,920.00** |
| **Oak Orthopedics / Illinois Bone and Joint Institute**<br>400 South Kennedy Drive, Suite 100<br>Bradley, Illinois 60915 | 07/09/2019 | $610.00 |
| | 07/18/2019 | $94.00 |
| | 08/20/2019 | $156.00 |
| | 08/27/2019 | $1,385.00 |
| | 08/29/2019 | $94.00 |
| | 09/04/2019 | $229.00 |
| | 11/01/2019 | $8,065.00 |
| | 11/14/2019 | $0.00 |
| | 12/13/2019 | $0.00 |
| | 01/31/2020 | $0.00 |
| | 05/27/2020 | $241.00 |
| | 09/17/2020 | $515.00 |
| | **Total** | **$11,388.00** |
| **Athletico Physical Therapy**<br>3 Meadowview Center<br>Kankakee, Illinois 60901 | 07/30/2019 | $373.00 |
| | 08/02/2019 | $426.00 |
| | 08/05/2019 | $426.00 |
| | 08/07/2019 | $426.00 |
| | 08/12/2019 | $426.00 |
| | 08/14/2019 | $426.00 |
| | 08/16/2019 | $426.00 |

| | | |
|---|---|---|
| | 08/19/2019 | $426.00 |
| | 11/04/2019 | $619.00 |
| | 11/06/2019 | $426.00 |
| | 11/07/2019 | $551.00 |
| | 11/12/2019 | $551.00 |
| | 11/13/2019 | $460.00 |
| | 11/14/2019 | $415.00 |
| | 11/19/2019 | $415.00 |
| | 11/22/2019 | $490.00 |
| | 11/26/2019 | $415.00 |
| | 11/27/2019 | $504.00 |
| | 12/03/2019 | $424.00 |
| | 12/04/2019 | $424.00 |
| | 12/06/2019 | $515.00 |
| | 12/10/2019 | $424.00 |
| | 12/11/2019 | $424.00 |
| | 12/13/2019 | $424.00 |
| | 12/18/2019 | $424.00 |
| | 12/20/2019 | $424.00 |
| | 12/23/2019 | $424.00 |
| | 12/24/2019 | $424.00 |
| | 12/27/2019 | $513.00 |
| | 12/31/2019 | $513.00 |
| | 01/03/2020 | $424.00 |
| | 01/07/2020 | $426.00 |
| | 01/14/2020 | $515.00 |
| | 01/21/2020 | $515.00 |
| | 01/28/2020 | $515.00 |

|  | **Total** | **$15,953.00** |
|---|---|---|

**TOTAL:**                                                                    **$73,861.00**

**2.  Past Lost Wages**

Plaintiff claims he was terminated due to injuries he sustained in the slip-and-fall accident.

He was unemployed from October 2, 2020, through September 29, 2021.  He earned $800-

$900 per week in his prior position as the general manager at Big Express.  His lost wages

are calculated at $850 (average weekly wage) x 52 weeks (unemployed time) = **$44,200**.

**3.  Non-Economic Damages**

    **a.  Past Pain and Suffering**

To be determined by the court.

    **b.  Future Pain and Suffering**

To be determined by the court.

    **c.  Past Loss of Normal Life**

To be determined by the court.

    **d.  Future Loss of Normal Life**

To be determined by the court.

**IV. WAIVER OF CLAIMS OR DEFENSES**

Plaintiff does not waive any claims.  Defendant has no defenses to waive.

**V. EXHIBITS ATTACHED**

The following are attached as exhibits to this order and are made a part hereof:

A.  Stipulation of Uncontested material facts and issues of law (signed by all parties).

B.  Plaintiff's Witness List.

C.  Defendant's Witness List.

D.  Plaintiff's Exhibit List.

E.  Defendant's Exhibit List.

## VI. GENERAL ADDITIONAL

IT IS UNDERSTOOD BY THE PARTIES THAT:

The plaintiff is limited to expert witnesses whose names and qualifications have been disclosed to the defendant. The defendant is limited to expert witnesses whose names and qualifications have been disclosed to the plaintiff.

Any Trial Briefs or Motions in limine must be filed as directed by the Court but in no event less than 14 days prior to trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of Court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed five full days. The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

IT IS SO ORDERED.

s/ Colin S. Bruce
_____

JUDGE

ENTERED: ___6/25/2024_____

9

**EXHIBIT A:**
**Stipulations of Uncontested Facts, Issues of Law,**
**and Use of Depositions and Presentation of Expert Testimony**

**A.    Uncontested Material Facts**

1.  On June 2, 2019, Defendant owned the Menard's store located at 1260 Christine Drive, Bradley, Illinois.

2.  On June 2, 2019, Plaintiff was a customer who was purchasing items at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

3.  On June 2, 2019, Plaintiff fell in a checkout lane at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

4.  The condition of the floor where Plaintiff fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois was unsafe.

5.  Plaintiff sustained an injury and some pain when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.


**B.    Joint Statement of Uncontested Issues of Law**

1.  Illinois courts have adopted Section 343 of the Restatement (Second) of Torts. *Genaust v. Illinois Power Co.*, 62 Ill. 2d 456 (1976).

    > A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

    > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

    > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

    > (c) fails to exercise reasonable care to protect them against the danger.

*Carney v. Union Pacific R.R. Co.*, 2016 IL 118984, ¶ 90, *quoting* Section 343 of the Restatement (Second) of Torts.

2. On June 2, 2019, Defendant owned and possessed the Menards store located at 1260 Christine Drive, Bradley, Illinois. Defendant therefore owed a duty of care to Plaintiff under Section 343 of the Restatement (Second) of Torts as adopted by Illinois courts.

3. On June 2, 2019, Plaintiff was an invitee at the Menards store located at 1260 Christine Drive, Bradley, Illinois. Premises Liability Act, 740 ILCS 130/1, *et seq*.

4. Maria Montemurno, Daniel Douglas, Ann Maisonneuve, Carson Harris, and Ron Potter were the agents of the defendant Menard, Inc. at the time of this occurrence. Therefore, any act or omission of the agent or agents at that time was in law the act or omission of the defendant Menard, Inc.

**C.    Joint Statement of All Contested Material Facts and Law**

1. Whether Plaintiff must show that the Defendant had notice of the slippery condition of the floor given that the substance placed on the floor was related to Defendant's business and was placed on the floor due to Defendant's negligence in selling leaky containers to customers. *Reed v. Wal-Mart Stores*, 298 Ill. App. 3d 712, 715-16 (4th Dist. 1998). Plaintiff argues that he need not demonstrate notice under the foregoing authority.

2. The nature and extent of the personal injuries Plaintiff sustained when he slipped and fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

3. Whether the need for left shoulder surgery and subsequent physical therapy was caused by Plaintiff's fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

4.  Whether the medical care Plaintiff received was reasonable and necessary to treat personal injuries he sustained when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

5.  Whether the unpaid medical bills Plaintiff incurred for his care and treatment were usual and customary for the geographic region where the care was provided, and thus fair and reasonable charges for this medical care.

6.  Whether some medical bills were already paid and thus *prima facie* fair and reasonable.

7.  Whether Plaintiff sustained lost wages because of his fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

8.  Whether Plaintiff sustained past pain and suffering because of his fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

9.  Whether Plaintiff sustained past loss of normal life because of his fall on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

10. Whether Plaintiff is reasonably certain to experience pain and suffering in the future because of injuries sustained when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

11. Whether Plaintiff is reasonably certain to experience loss of normal life in the future because of injuries sustained when he fell on June 2, 2019, at the Menards store located at 1260 Christine Drive, Bradley, Illinois.

**D.    Stipulations Regarding Use of Depositions and the Presentation of Expert Testimony**

1.  The video deposition of Maria Montemurno shall be played for the jury as she resides more than 100 miles outside this District.

2. The video deposition of Carson Harris shall be played for the jury as he resides more than 100 miles outside this District.

SO STIPULATED:


*/s/ Jeffrey D. Naffziger*
Attorney for the Plaintiff


*/s/ W. Anthony Andrews*
Attorney for the Defendant

**EXHIBIT B:**
**Plaintiff's Witness List**

1. Plaintiff Roy Eilts

2. Kim Eilts

3. Daniel Douglas

4. Ann Maisonneuve

5. Maria Montemurno

6. Dr. Michael Corcoran, MD

7. Dr. David Cline, DC

8. Billing witness from Amita Health St. Mary's Hospital

9. Billing witness from Stat Anesthesia Specialists, LTD c/o Anesthesia Management Partners

10. Debbie Gladu / Tara Lacey - (Billing witness from Oak Surgical Institute, LLC, Oak Orthopedics, and Illinois Bone and Joint Institute)

11. Billing witness from Internal Medicine Kankakee

12. Lisa Alexander (Billing witness from Athletico Physical Therapy)

13. Barbara J. King (subject to the objections raised in Plaintiff's Motion *in Limine* 1)

14. Dr. James Bresch (if abandoned as a witness by Defendant)

**EXHIBIT C:**
**Defendant's Witness List**

1. Plaintiff Roy Eilts

2. Kim Eilts

3. Carson Harris

4. Ann Maisonneuve

5. Ron Potter

6. Dr. James Bresch

7. Barbara King

8. Bruno Taylor *or* representative of Taylor Chrysler Jeep Dodge

9. Jimmy Crosswell

2:21-cv-02066-CSB-EIL    # 67    Filed: 06/25/24    Page 16 of 19

**EXHIBIT D:**
**Plaintiff's Exhibit List**

| Case Name: Eilts v. Menard, Inc. | Case No: 2021-CV-2066 | Page 1 of 2 |
|---|---|---|

| Ex. No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Surveillance Video | | | |
| 2 | Medical Bill - Oak Orthopedics/Illinois Bone and Joint Institute | | | |
| 3 | Medical Bill - Oak Surgical Institute, LLC | | | |
| 4 | Medical Bill - Stat Anesthesia Specialists, LTD c/o Anesthesia Management Partners | | | |
| 5 | Medical Bill – Bradley Chiropractic Office | | | |
| 6 | Medical Bill – Amita St. Mary's | | | |
| 7 | Medical Bill – Athletico Physical Therapy | | | |
| 8 | Medical Records - Oak Orthopedics/Illinois Bone and Joint Institute/Oak Surgical Institute | | | |
| 9 | Medical Records – Bradley Chiropractic Office | | | |
| 10 | Medical Records – Amita St. Mary's | | | |
| 11 | Medical Records – Athletico Physical Therapy | | | |
| 12 | MRI image of Roy Eilts's left shoulder | | | |
| 13 | Eilts Termination Letter | | | |

| 14 | Dr. Bresch's Rider Response | | | |
|----|------------------------------|--|--|--|
| 15 | Barbara King Rider Response | | | |
| 16 | Barbara King Testimony List | | | |
| 17 | Barbara King Nurse Value Case List | | | |
| 18 | Dr. Bresch's Medical Legal Case List | | | |
| 19 | Dr. Corcoran's Narrative Report | | | |

**Plaintiff's Demonstrative Exhibits**

| Ex. No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---------|-------------|-------------------------|-----------------------|-----------|
| 20 | Itemized List of Medical Expenses | | | |
| 21 | Drawing Showing Shoulder / Labral Tear | | | |
| 22 | Drawing Showing Shoulder / Supraspinatus | | | |

**EXHIBIT E:**
**Defendant's Exhibit List**

| # | Description | ID | OF | AD | Jury Room |
|---|---|---|---|---|---|
| 1 | (1) photo of floor taken after incident reported the following day | | | | |
| 2 | (2) photos of scene/front-end | | | | |
| 3 | (5) photos of cashier station | | | | |
| 4 | (3) photos of laundry detergent products | | | | |
| 5 | (2) photos of janitor closet | | | | |
| 6 | Freeze frames of security camera footage – 06/02/2019 – Store 03093 – C11 – 305 pp. | | | | |
| 7 | Transaction Detail – 06/02/2019 – Store 03093: Bradley – 7:30 AM – 9:31 AM – 481 pp. | | | | |
| 8 | Daily Punch Report – 06/02/2019 – Store 03093: Bradley – 3 pp. | | | | |
| 9 | Personnel File – Maria Montemurno – 11 pp. | | | | |
| 10 | Personnel File – Erin Walsh – 3 pp. | | | | |
| 11 | Plaintiff's Personnel File/Payroll Records | | | | |
| 12 | Expert Report – Dr. James Bresch, MD | | | | |
| 13 | Curriculum Vitae – Dr. James Bresch, MD | | | | |
| 14 | Expert Report – Barbara King | | | | |
| 15 | Curriculum Vitae – Barbara King | | | | |
| 16 | Plaintiff's shoulder imaging (MRI, x-ray, etc.) | | | | |

**Defendant's Demonstrative Aids List**

| | | | | | |
|---|---|---|---|---|---|
| 17 | 3-D model of shoulder | | | | |
| 18 | Anatomy and Injuries of the Shoulder Anatomical Chart | | | | |
| 19 | Fabric to understand forces on labrum, ligament, tendon | | | | |

| 20 | Normal shoulder imaging (MRI, x-ray, etc.) | | | | |